IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CIVIL ACTION NO.: 1: 24-cv-02576-TPO

    JANE ROE,

        Plaintiff,

v.

UNIVERSITY OF COLORADO BOULDER; THE BOARD OF REGENTS FOR UNIVERSITY OF COLORADO, BOULDER;
JUSTIN SCHWARTZ, individually and as agent for University of Colorado, Boulder;
KATE BAUER, individually and as agent for University of Colorado, Boulder;
LANCE CARL, individually and as agent for University of Colorado, Boulder;
EMILY PFLEGHAAR, individually and as agent for University of Colorado, Boulder;
ANN GUSHURST, individually and as agent for University of Colorado, Boulder;
VALERIE SIMONS, individually and as agent for University of Colorado, Boulder;
LLEN POMEROY, individually and as agent for University of Colorado, Boulder;
REGINA TIRELLA, individually and as agent for University of Colorado, Boulder;
DANIEL EASTON, individually and as agent for University of Colorado, Boulder;
HOLLY NELSON, individually and as agent for University of Colorado, Boulder;
LISA POTOKA JONES, individually and as agent for University of Colorado, Boulder;
WILL DEWESE, individually and as agent for University of Colorado, Boulder; and
LAURA EMMOT, individually and as agent for University of Colorado, Boulder,

        Defendants.

**PLAINTIFF'S REPLY IN SUPPORT OF
PLAINTIFF'S MOTION FOR LEAVE TO RESTRICT ACCESS**

Plaintiff, Jane Roe, by and through her attorneys, The Savela Law Firm, P.C., submits the following Reply in Support of Plaintiff's Motion for Leave to Restrict Access Pursuant to D.C.COLO.LCivR 7.2 (ECF 13). Plaintiff's Motion for Leave to Restrict Access (ECF 8) seeks authorization from the Court for a Level 1 restriction limiting access to the Complaint and associated Exhibits filed in this case to the parties and the court.[1] D.C.COLO.LCivR7.2(b).

---

[1] Plaintiff filed her original Complaint (ECF 2) and Exhibits (ECF 3, Exs. 1-31) on September 19, 2024. Plaintiff filed her First Amended Complaint (ECF 7) along with her Motion for Leave to Restrict (ECF 8) on October 9, 2024. Plaintiff did not file these documents as restricted but, through Plaintiff's Motion to Restrict, seeks to restrict the documents pursuant to Rule 7.2.

Pursuant to Plaintiff's Motion, Plaintiff further requests authorization to appear as a pseudonymous Plaintiff in this case due to the highly personal and confidential nature of the allegations contained in the First Amended Complaint (ECF 7) ("Complaint") and the associated Exhibits (ECF 3, Exs. 1-30) and because the injury litigated against would be incurred as a result of the disclosure of Plaintiff's identity. In their Response (ECF 13), Defendants address only Plaintiff's request to appear as a pseudonymous Plaintiff.[2]

## ARGUMENT

The Tenth Circuit has recognized that anonymity in court proceedings may sometimes be warranted, but it is limited to "exceptional circumstances," such as cases "involving matters of a highly sensitive and personal nature, real danger and physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) (quoting *Doe v. Frank*, 951 P.2d 320, 324 (11th Cir. 1992)). Both the injury litigated against and whether the revelation of plaintiff's identity may itself visit that very injury are pertinent here, and each of these factors weigh heavily in favor of allowing Plaintiff to proceed under a pseudonym. Defendants argue that the Court should deny Plaintiff's request to use the pseudonym, Jane Roe, in this case because the Defendants in this action cannot "hide" their own identities. ECF 13 at 1. Defendants appear to miss the point. The plain and simple truth here is that this matter should have never resulted in an expulsion. It was an accident, plain and simple. Defendants failed to conduct a thorough, independent, fair, complete, and unbiased resolution process, and as a result, Plaintiff has lost everything, including her good name. Through this litigation, Plaintiff hopes to put this matter behind her, reclaim

---

[2] Plaintiff filed her Motion for Leave to Restrict for the following two purposes: (1) to request anonymity and appear as a pseudonymous Plaintiff, and (2) to request a Level 1 restriction limiting access to the Complaint and Exhibits to the court and parties. Plaintiff addressed both matters in her Motion. ECF 8. However, in a brief footnote, Defendants assert otherwise. ECF 13 n. 2. While Plaintiff believes she addressed the necessary requirements for a Motion to Restrict, D.C.COLO.LCiv R 7.2(c), as well as the "exceptional circumstances" warranting anonymity in this proceeding, if the Court disagrees, Plaintiff requests that the Court permit Plaintiff to file a second motion to restrict, as suggested by Defendants.

her good name, and prevent further disclosure of her identity from being made. Disclosure of Plaintiff's identity in this case would perpetuate the very injustice Plaintiff is litigating against and cause Plaintiff to experience future injury as a result.

In support of Defendants' opposition to Plaintiff's request to appear anonymously, Defendants assert that (1) Plaintiff's identity is already public; (2) the facts are not highly personal and confidential; (3) Defendants will be prejudiced if Plaintiff is allowed to proceed pseudonymously; and (4) the public must know Plaintiff's name in order to adequately evaluate the allegations in this case. ECF 13. Plaintiff disagrees. Defendants also present "[o]ther factors" that weigh in favor of Plaintiff's request and will be addressed further below. *Id*. at 12.

### A. Plaintiff's identity is no more public than any United States citizen.

The crux of Defendants initial argument is that Plaintiff's name is already publicly associated with the allegations in the Complaint so seeking anonymity is fruitless. Plaintiff disagrees.

Defendants first argue that Plaintiff "already revealed her name to this Court by filing multiple exhibits" in this case that contained her name and therefore her name is already publicly available. ECF 13 at 5. But that is precisely why Plaintiff filed her Motion early in the case in the first place – to both restrict access to the Complaint and exhibits to the court and parties **and** to keep her name anonymous. In support of their argument, Defendants mischaracterize a Kansas district court case to argue that, simply because Plaintiff filed exhibits that contain her name, she is not entitled to anonymity. ECF 13 at 5 (mischaracterizing a quote from *GEICO Gen. Ins. Co. v. M.O.*, No. 21-2164-DDC-ADM, 2021 WL 4476783, at *19 (D. Kan. Sept. 30, 2021)). In *GEICO*, the court referenced sensitive information disclosed during a party's prior connected litigation under its real name and not exhibits produced in a lawsuit filed a under a pseudonym. *Id*. (citing *Raiser v. Church of Jesus Christ of Latter-Day Saints*, 182 Fed. Appx. 810, 811 (10th Cir. 2006)). Indeed, in

3

*GEICO*, the party attempting to keep their identity confidential filed exhibits that identified their last name in the PDF title (as opposed to filing exhibits that contained their name within the document). *Id.* at *20. In *Raiser*, the court had previously denied a pseudonym motion and "Raiser's name remained in the public domain in connection with the litigation." 182 Fed. Appx. at 811. Here, Plaintiff filed her Complaint under the pseudonym, Jane Roe, and explicitly noted that she would file a Motion for Leave to Restrict shortly thereafter. ECF 2 at 1 n. 1. Plaintiff filed the Motion along with the Amended Complaint under the pseudonym, Jane Roe, as well. ECF 7 (Motion for Leave to Restrict), ECF 8 (First Amended Complaint). This is not a matter where Plaintiff's name is already in the public domain in connection with the litigation.

      Defendants next attempt to support their argument that Plaintiff's name is already "out of the bag" by asserting that Plaintiff was charged for the incident at issue, accepted a deferred sentence, and the matter was then sealed. ECF 13 at 6 (noting that the "matter is sealed" and not a matter of public record). Defendants cite to *Femedeer*, 227 F.3d at 1246 in support, a case that concerned a convicted sex offender who wanted to prevent public disclosure of his name. ECF 13 at 6. Defendants fail to mention, however, that Plaintiff in this case was not a convicted sex offender. Indeed, she was not convicted of any crime. A deferred sentence is a judicial arrangement that allows a defendant to avoid conviction by completing certain conditions instead of serving an immediate sentence. Plaintiff did so and her case was sealed (i.e., it is not publicly available information). Moreover, contrary to Defendants blatant attack on Plaintiff's integrity, Plaintiff did not seek out coverage of her story. *See* ECF 13 at 6 n. 3 (citing to two stories by the same local author about the criminal case). A local news report about a criminal case in which Plaintiff did not participate and certainly did not support should not be a deciding factor in whether a Court should allow Plaintiff to proceed under a pseudonym. Furthermore, the articles do not reference either the University disciplinary action against Plaintiff or the subsequent expulsion and were

4

published well before Plaintiff's allegations in this case. *Id*.

Defendants final attempt to argue that Plaintiff's name is already connected with these allegations is a thinly veiled attempt to humiliate Plaintiff and has no bearing on this Court's analysis. While it is a matter of public record that, after the accident at issue in this case, Plaintiff, Jane Roe, and John Doe[3] got married and later divorced, simply because Doe made a random statement in an unrelated proceeding does not mean that Plaintiff willingly gave up any right to anonymity. Indeed, in determining whether Plaintiff can proceed under a pseudonym, the question is whether this case involves matters of a highly sensitive and personal nature, real danger and physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity. *Femedeer*, 227 F.3d at 1246. The question is not whether Plaintiff and John Doe married or why they divorced. The fact that their names appear together in unrelated divorce proceedings has no bearing on questions concerning whether Plaintiff's name is publicly associated with the allegations in her Complaint.

**B. The facts here are highly personal and confidential and warrant a pseudonym and the injury litigated against would be incurred as a result of the disclosure of Plaintiff's identity.**

Defendants' assertion that being found responsible for sexual misconduct is not "highly personal and confidential" borders on ridiculous. Defendants suggest that, because Plaintiff was not accused of a heinous crime, such as rape, she should not be permitted to proceed anonymously. ECF 13 at 8. But the implications here are just as devastating as being found responsible for rape. Indeed, no matter which way you parse it, Plaintiff was found responsible for sexual misconduct and permanently expelled from the University. Additionally, her academic record includes a notation of "Expelled Responsible Sexual

---

[3] John Doe is a pseudonym for the "Complainant" in this case. However, the formal Complaint in this case was signed and submitted by Defendant Llen Pomeroy. John Doe did not support the submission of the formal Complaint and maintained, throughout the resolution process, that the incident was an "accident" or a "mistake." ECF 7, ¶¶ 2, 5. 6, 60

Misconduct" and will remain permanently on her transcript. ECF 7, ¶ 230. The Tenth Circuit has recognized that highly sensitive and personal information that would result in a social stigma is an appropriate basis for allowing a party to proceed by pseudonym. *Doe v. Regis Univ.*, No. 1:21-cv-00580-DDD-NYW, 2021 WL 5329934, at *1 (D. Colo. Nov. 16, 2021) (citing *Raiser*, 127 Fed. Appx. at 411). The facts underlying the finding of responsibility and ultimate expulsion in this case are highly personal and confidential, especially given that Plaintiff was expelled for sexual misconduct despite evidence that the incident was an accident. Plaintiff's name and reputation are at stake here if she is not permitted to proceed anonymously.

  Moreover, Defendants attempt to argue that Plaintiff's "lengthy list of cases" from Colorado and around the nation that have allowed a Plaintiff to proceed anonymously are not persuasive.[4] ECF 13 at 8. Importantly, all of the cases cited by Plaintiff are cases where the court permitted a party, in most cases, the Plaintiff, to appear pseudonymously, and all of the cases were brought against a university and concerned disciplinary actions. ECF 8, ¶ 47 (citing eleven cases brought by Doe versus a university). Indeed, Defendants attempt to argue that the cited cases do not consider the pseudonym issue, but Defendants fail to address the fact that most of the cited cases were restricted as well and therefore specific information is not publicly available. And even more egregious is Defendants attempt to, once again, distinguish cases brought under pseudonyms where the student was accused of what they refer to as "more serious allegations" of sexual misconduct, such as sexual assault. ECF 13 at 9. But, again, Defendants fail to address the fact that, in this case, Plaintiff was punished with expulsion, the most serious sanction available to the University. While Plaintiff agrees that this case should not have resulted in the severe and life altering sanction of expulsion, that does not change what occurred here. As Plaintiff alleges in her

---

[4] *See Doe v. No. 2 v. Kolko*, 242 F.R.D. 193, 195 (E.D.N.Y. 2006) for a list of cases where federal courts have permitted a party to proceed under a pseudonym when special circumstances warranted anonymity.

Complaint, the investigation in this case was flawed; the hearing was a sham; the Appeal was full of inconsistencies that were virtually ignored; and the ultimate decision to expel Plaintiff was unfair and biased. The Court must undo this injustice. ECF 7, ¶ 19. Defendants' assertion that the allegations in Plaintiff's Complaint are not so "highly personal and confidential" that she should be permitted to proceed using a pseudonym is ludicrous. The facts of this case show otherwise. *See* ECF 7, generally.

Furthermore, Defendant conveniently ignores the fact that the injury litigated in this case – the significant harm to Plaintiff's reputation and the resulting social stigma – would be incurred as a result of the disclosure of Plaintiff's identity. *See* ECF 8, ¶¶ 44, 49, 53.

### C. Defendants have not shown that they will be prejudiced if Plaintiff proceeds under a pseudonym.

Defendants assert that it would be unfair to allow Plaintiff to proceed anonymously because Plaintiff named "thirteen individual people as defendants in the lawsuit and accused them each of them, personally, of wrongdoing." ECF 13 at 10. But that has nothing to do with Plaintiff's request. The individual Defendants are public officials working in a public institution. Plaintiff was an undergraduate student who was treated unfairly and permanently expelled, actions that effectively crushed her dreams. But now Defendants want to perpetuate the bias and prejudice Plaintiff faced pursuant to their disciplinary actions by asserting that bringing this action against them in their own names is unfairly prejudicial. It is not. Nothing stands in the way of the individual Defendants' ability to defend themselves in this case even if the Court permits Plaintiff to proceed anonymously.

Moreover, "[t]he risk of prejudice to opposing parties in allowing pseudonymous litigation is lessened if opposing parties are aware of a plaintiff's true identity. *Doe v. USD No. 237 Smith Ctr. Sch. Dist.*, No. 16-cv-2801-JWL-TJJ, 2017 WL 3839416, at * 11 (D. Kan. Sept. 1, 2017) ("Defendants would not be prejudiced by Doe continuing to proceed under her pseudonym in this matter because they already know her identity."). Defendants

already know Plaintiff's identity, thereby lessening any risk of prejudice. Any additional prejudice to the Defendants' reputation or ability to operate merely by pursuit of this action under a pseudonym is minimal. "Other than the need to make redactions and take measures not to disclose plaintiff's identity, defendants will not be hampered or inconvenienced merely by plaintiff's anonymity in court papers." *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 198 (E.D.N.Y. 2206).

### D. Plaintiff should be permitted to proceed anonymously because the public does not have a strong interest in knowing her identity.

Defendants attempt to refocus Plaintiff's argument concerning public interest by callously arguing that Plaintiff is only concerned about herself and not the public's interest in access to legal proceedings. ECF 13 at 11-12. While Plaintiff is concerned about her future and any stigma that might attach to her if the Court does not let her proceed anonymously, public knowledge of Plaintiff's identity is not necessary in this case because the facts can be understood without it.

While there is no doubt that it is proper to weigh the public interest in determining whether some form of anonymity is warranted, *see M.M. v. Zavaras*, 139 F.3d 798, 802-03 (10th Cir. 1998), it is more important in cases attacking the constitutionality of popularly enacted legislation. *See*, e.g., *Femedeer*, 227 F.3d at 1246. Defendants argue, correctly, that the public has a strong public interest in whether and how educational institutions are addressing allegations of sexual misconduct on campus but fail to articulate how Plaintiff's anonymity in this case would prevent the public from doing so. Indeed, Defendants should take it upon themselves to push for more transparency to clearly inform the interested public as to how the University investigates alleged violations of its sexual misconduct policy rather than putting the onus on a former student litigating an unfair and biased disciplinary action that resulted in the severe sanction of expulsion.

Defendants also attempt to argue that, because the University is a public entity

8

partially funded by public dollars, the public has the right to know Plaintiff's identity. ECF 13 at 12. But that argument is disingenuous and misleading. Even if, taken as true, the public has a valid interest in knowing **how** the University spends public funds, that does not mean that the University is required to divulge "**on whom**" the public funds are spent. Thus, it is insincere for Defendants to argue that the public has a valid interest in knowing "on whom" state revenues are spent when such information would not be publicly available. Plaintiff should not be required to pursue this matter in her own name simply because the University is a public entity, partially funded by public dollars.

### E. Defendants' "other factors" weigh in favor of Plaintiff's request to proceed using a pseudonym

Defendants present three "other factors" that weigh in favor of Plaintiff's request to proceed anonymously.

First, Defendants assert that there are less restrictive means of ensuring Plaintiff's privacy but offers no solutions other than permitting Plaintiff to proceed under a pseudonym. ECF 13 at 12. Notably, Plaintiff agrees that a Level 1 restriction under Rule 7.2 limiting access to all documents filed with the court and all court proceedings to the parties and the court, would be the best way to protect Plaintiff's identity here. *Id.*; *see also* ECF 8 (citing D.C.COLO.LCivR 7.2(b)). Indeed, Plaintiff filed her Motion to Restrict for the very purpose of restricting access to the Complaint and Exhibits to the parties and the court. *Id.* However, Plaintiff also requests that the Court permit Plaintiff to proceed anonymously because this is an exceptional case involving "matters of a highly sensitive and personal nature" and "the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." ECF 8, ¶¶ 46-49. Defendants offered no less restrictive means of ensuring Plaintiff's privacy in this case.

Second, Defendants remind the Court the Plaintiff is an adult who chose to bring this lawsuit, but Defendants fail to recall that the injustices set forth in this lawsuit occurred

9

when the Plaintiff was an undergraduate student at the university. ECF 13 at 13. Throughout the Response, Defendants berate Plaintiff multiple times, and even go so far as to say that Plaintiff should not be permitted to proceed anonymously because her allegations are not serious enough. ECF 13 at 7-8. But the allegations in this case are very serious to the Plaintiff, and the reputational harm that Plaintiff would sustain if she is not permitted to proceed under a pseudonym is also very serious. Despite significant evidence that the incident at issue was an accident, Plaintiff was permanently expelled from the University. Despite evidence of bias and prejudice, Plaintiff's academic file expressly states that she was found responsible for sexual misconduct while a student at the University. Even if Defendants failed to take this case seriously at the time, Plaintiff has faced severe consequences as a result of this injustice and deserves her day in court without having to put the very name she seeks to protect in the limelight once again.

Third, Defendants point to a newspaper article that was published soon after Plaintiff filed her case to falsely assert that this proves that Plaintiff is seeking publicity. This is nonsense. Neither Plaintiff nor Plaintiff's counsel are identified in the story and any quotes included in the story come directly from the Complaint. *See* ECF 13 n. 4. Neither Plaintiff nor Plaintiff's counsel were quoted in the article and neither Plaintiff nor counsel reached out to reporters seeking publicity. Plaintiff filed her Motion to Restrict because she wishes to clear her name, finish her degree, and pursue her dream of giving back to her community.

## CONCLUSION

Defendants attempts to downplay the significance of being both accused and found responsible for sexual misconduct are belied by the fact that Plaintiff was permanently expelled from the University and her academic record permanently scarred a notation of "sexual misconduct." The Court should permit Plaintiff to proceed anonymously in this case.

Respectfully submitted this 31st day of October 2024.

*s/ Jason Savela*
Jason Savela, Esq.
The Savela Law Firm, PC
3825 Iris Ave, Suite 100
Boulder, CO 80301
720-260-7392
jason@savelaw.net

*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify the on this 31st day of October 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will automatically cause notification to be sent to the following counsel of record:

Megan H. Clark
Senior Assistant University Counsel
Special Assistant Attorney General
University of Colorado
Office of University Counsel
1800 Grant Street, Suite 700
Denver, CO 80203
303-860-5691
Megan.Clark@cu.edu

*Attorney for Defendants*

<u>*s/ Jason Savela*</u>