**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

CIVIL ACTION NO. 24-CV-02576-GPG-TPO

JANE ROE,[1]

    Plaintiff,

v.

UNIVERSITY OF COLORADO, BOULDER; THE BOARD OF REGENTS FOR UNIVERSITY OF COLORADO, BOULDER;
JUSTIN SCHWARTZ, individually and as agent for University of Colorado, Boulder;
KATE BAUER, individually and as agent for University of Colorado, Boulder;
LANCE CARL, individually and as agent for University of Colorado, Boulder;
EMILY PFLEGHAAR, individually and as agent for University of Colorado, Boulder;
ANN GUSHURST, individually and as agent for University of Colorado, Boulder;
VALERIE SIMONS, individually and as agent for University of Colorado, Boulder;
LLEN POMEROY, individually and as agent for University of Colorado, Boulder;
REGINA TIRELLA, individually and as agent for University of Colorado, Boulder;
DANIEL EASTON, individually and as agent for University of Colorado, Boulder;
HOLLY NELSON, individually and as agent for University of Colorado, Boulder;
LISA POTOKA JONES, individually and as agent for University of Colorado, Boulder;
WILL DEWESE, individually and as agent for University of Colorado, Boulder; and
LAURA EMMOT, individually and as agent for University of Colorado, Boulder,

    Defendants.

**PROPOSED SCHEDULING ORDER**

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL

a. Date of Scheduling Conference: Scheduled for January 15, 2025, at 9 a.m., in Courtroom C-402 before Judge Timothy O'Hara. Appearing will be:

---

[1] Jane Roe is a pseudonym. Plaintiff filed a Motion for Leave to Restrict Access on October 9, 2024 seeking, among other requests, authorization to appear as a pseudonymous Plaintiff in the case. [ECF 7]. Defendant filed a Response on October 24, 2024 opposing Plaintiff's Motion. [ECF 13]. Plaintiff filed a Reply on October 31, 2024. [ECF 15, 16]. The Court has not yet ruled on this Motion.

1

   b. Counsel for Plaintiff, Jane Roe:

      Jason Savela
      The Savela Law Firm, P.C.
      3825 Iris Ave., Suite 100
      Boulder, CO 80301
      720-260-7632
      jason@savelaw.net

   c. Counsel for all Defendants:

      Megan Clark
      Senior Assistant Counsel
      Special Assistant Attorney General
      University of Colorado
      1800 Grant Street, Suite 700
      Denver, CO 80203
      303-860-5691
      megan.clark@cu.edu

## 2. STATEMENT OF JURISDICTION

This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, specifically 42 U.S.C. § 1983, Title VI of the Civil Rights Act of 1964 (42 U.S.C. § 2000d), and Title IX of the Education Amendments of 1972 (20 U.S.C. § 1681 et seq.) as well as the Fifth and the Fourteenth Amendments of the United States Constitution. Accordingly, this Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1331 and 1343.

Defendants disagree that this Court has jurisdiction over the claims asserted against the University of Colorado and the Board of Regents under 42 U.S.C. § 1983, the claims that seek declaratory relief, and the claims raising state law breach of contract or estoppel, because the University has sovereign immunity under the Eleventh Amendment and those claims are barred. *See* ECF # 58, pp. 3-4. The University also disagrees that this Court may adjudicate any claims arising under the Fifth Amendment, to the extent Plaintiff attempts to raise such, because the Fifth Amendment does not apply directly to the States.

## 3. STATEMENT OF CLAIMS AND DEFENSES

    a. Plaintiff:

        i. Due Process Provisions of the United States Constitution

        ii. Due Process Provisions of the Constitution of the State of Colorado

        iii. 42 U.S.C. § 1983: Fourteenth Amendment Due Process Claims

        iv. Breach of Contract

        v. Title IX claims against CU Boulder

        vi. Title VI claims against CU Boulder

        vii. Breach of Covenant of good faith and fair dealing

        viii. Estoppel and Reliance

    b. Defendants:

Plaintiff was a student at the University of Colorado Boulder. Plaintiff and the victim, John Doe –also a student, and a member of the CU Football team – were in an intimate relationship. During an argument at the victim's off-campus apartment, Plaintiff picked up a kitchen knife and stabbed the victim. Although both parties maintained that the stabbing was unintentional, it is undisputed that they had been arguing and that Plaintiff intentionally picked up a knife during that argument.

Plaintiff initially refused to allow the victim to call 911 or seek assistance; eventually, both went to the hospital. The wound was extremely serious: it had lacerated the victim's liver, and he required surgery. The hospital reported it to the police. Ultimately, Plaintiff was arrested and charged with two felonies, a misdemeanor, and a domestic violence enhancer. She accepted a plea with a deferred sentence.

CU Football coaching staff (Defendant Lance Carl) appropriately reported this incident to the University's Office of Institutional Equity and Compliance (OIEC). Relevant here, University policy prohibits sexual misconduct, intimate partner violence, and stalking. Plaintiff stabbing the victim is conduct that implicates the prohibition on "intimate partner violence."

3

Consistent with its Title IX obligations "to provide a safe and non-discriminatory environment for all students," OIEC concluded that the allegations, despite the victim's unwillingness to participate, obligated it to commence an investigation. Accordingly, Plaintiff received a Notice of Allegations that she was being investigated for dating violence. The OIEC interviewed seven witnesses, reached out to two others who did not respond, and collected documents. Despite multiple opportunities to do so, Plaintiff did not participate in the investigation. On June 17, 2022, the University held a live hearing before a neutral Hearing Officer. Plaintiff appeared, represented by an advisor, and elected not to testify. After the hearing, the Hearing Officer concluded in a written determination that Plaintiff was responsible for violating CU Boulder's policy prohibiting intimate partner violence. Plaintiff appealed. A three-member Appeal Board (who were not involved until this point) upheld the Hearing Officer's written determination. Plaintiff was subsequently expelled from the University.

Plaintiff now alleges that the University's process and resulting sanction violated her constitutional rights to due process; resulted from gender bias in violation of Title IX and racial bias in violation of Title VI; and breached a contract or promises made to her. She sues the University in addition to thirteen individual employees or contractors, in their individual and official capacities.

Plaintiff's claims have no merit. First, the University is immune under the Eleventh Amendment to her claims under Sec. 1983, seeking a declaratory judgment, and those brought under state law. Second, Plaintiff's Sec. 1983, Title IX, and Title VI claims are barred by the two-year statute of limitations. Third, Plaintiff has failed to state a claim: she received abundant procedural protections and none of her complaints state a violation of due process, of any other constitutional or statutory right, evidence any unfair bias, or allege breach of contract or promissory estoppel. Finally, all the individual defendants are entitled to qualified immunity.

4

## 4.  UNDISPUTED FACTS

The following facts are undisputed:

1. During the Spring 2022 semester, Jane Roe was a student at CU Boulder.

2. During the Spring 2022 semester, John Doe,[2] who is not a party in this case, was a student at CU Boulder and a student athlete on the CU Boulder football team.

3. On February 2, 2022, Jane Roe and John Doe were at Doe's off campus apartment in Boulder. Jane Doe caused a wound to John Doe's abdomen with a kitchen knife.

4. On February 3, 2022, Defendant Lance Carl contacted CU Boulder's Office of Institutional Equity and Compliance (OIEC) to report the knife wound incident.

5. On February 8, 2022, Boulder Police arrested Roe at her on-campus apartment.

6. On February 9, 2022, Defendant Llen Pomeroy filed a Formal Complaint on behalf of the University of Colorado Boulder, to initiate a formal complaint naming Roe as Respondent, pursuant to CU Boulder's Sexual Misconduct, Intimate Partner Violence, and Stalking Policy ("CU Boulder's Sexual Misconduct Policy").

7. On February 9, 2022, CU Boulder's OIEC issued Roe a Notice of Allegations and Interim Suspension, signed by Defendant Kate Bauer, informing Jane Roe that she was being investigated for possible violations of CU Boulder's Sexual Misconduct Policy. The Notice further informed Plaintiff that Defendant Emily Pfleghaar had "[b]ased on the serious nature of the alleged misconduct, and after conducting a safety and risk analysis considering the known, relevant information currently available to her, . . . determined" that Jane Roe's presence on campus posed an "immediate

---

[2] John Doe is a pseudonym. In their Response to the Motion to Restrict, Defendants did not oppose the use of a pseudonym for John Doe. [ECF 13].

5

threat to the physical health and safety of students or employees" and informed Jane Roe of an interim suspension, effective immediately.

8. CU Boulder uses the "preponderance of the evidence" standard in sexual misconduct cases.

9. The Senior Investigator assigned to Jane Roe's case was Defendant Bauer.

10. Neither Jane Roe nor John Doe participated in the OIEC investigation.

11. Neither Jane Roe nor John Doe provided any information or documentation to the OIEC during the investigation.

12. On April 12, 2022, the OIEC issued a Preliminary Investigative Report and investigative file to both Jane Roe and John Doe.

13. Neither Jane Roe nor John Doe provided a response to the Preliminary Investigative Report.

14. On April 28, 2022, the OIEC issued a Final Investigative Report and investigative file to both Jane Roe and John Doe.

15. Neither Jane Roe nor John Doe provided a response to the Final Investigative Report.

16. On June 8, 2022, a Notice of Hearing was sent to both Jane Roe and John Doe as well as any witnesses identified by the parties.

17. On June 14, 2022, a Pre-Hearing Conference was conducted by the Hearing Officer, Defendant Ann Gushurst.

18. On June 17, 2022, a Hearing was held before the Hearing Officer.

19. Jane Roe appeared at the Hearing represented by a pro bono advisor. John Doe did not appear, but his appointed advisor appeared.

20. Neither Jane Roe nor John Doe testified at the Hearing.

21. The only witness that appeared at the Hearing was Defendant Kate Bauer.

6

22. The Written Determination Regarding Responsibility, dated July 22, 2022, and signed by Defendant Gushurst, found Roe responsible for violating CU Boulder's Sexual Misconduct Policy.

23. Roe was informed that she was permanently expelled from CU Boulder and excluded from all University of Colorado campuses in a letter dated August 4, 2022 and signed by Defendant Regina Tirella, Defendant Easton, and Defendant Nelson.

24. On August 24, 2022, Roe submitted a timely appeal.

25. The Appeal Decision dated October 19, 2022, and signed by Appeal Board Members, Defendants Lisa Potoka Jones, Will Dewese, and Laura Emmot, upheld the Written Determination and Sanctions in their entirety.

26. Jane Doe's transcript was marked "By action of Institutional Equity and Compliance, student is permanently expelled[.]"

## 5. COMPUTATION OF DAMAGES

Plaintiff has sustained damages in an amount to be determined at trial, but which she presently estimates at no less than $ 5,252,000. These damages include lost tuition and related costs and expenses, loss of income, loss of educational opportunities, loss of career opportunities, emotional distress, reputational injury, attorney's fees, economic injuries, and other non-economic damages. Plaintiff also seeks punitive damages.

Plaintiff may retain experts to calculate these damages and thus reserves the right to modify his calculation of damages accordingly. Plaintiff's current estimated damages are as follows: (1) $ 252,000 for lost tuition and related costs and expenses; (2) $ 250,000 for emotional distress; (3) $ 250,000 for injury to reputation; (4) $ 3,000,000 for loss of career opportunities; and (5) $ 1,000,000 for loss of educational opportunities. Plaintiff will also seek attorney's fees, currently in the amount of $ 500,000.

Plaintiff also seeks injunctive relief directing CU Boulder to (1) reverse the outcome and findings regarding the Complaint against Jane Roe; (2) expunge Plaintiff's disciplinary record; (3) remove any record of Plaintiff's expulsion from her education file and/or transcript; (4) permanently destroy any record of the Complaint against Jane Roe; and (5) issue an update/correction to any third parties to whom Plaintiff's disciplinary record may have been disclosed.

Defendants do not seek damages but reserve their right to seek their costs and attorney fees as allowed by law.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a. **Date of Rule 26(f) meeting:** December 13, 2024

b. **Names of each participant and party represented:** Jason Savela, The Savela Law Firm, PC, for Plaintiff and Megan Clark, University of Colorado Office of University Counsel, for Defendants.

c. **Statement as to when Rule 26(a)(1) disclosures were made or will be made.** Defendants have moved to stay all discovery pending the Court's decision on the Defendants' motions to dismiss and asserts that this also applies to initial disclosures. (ECF #62.) Plaintiff takes no position on this motion. (ECF #65, footnote 2.) In the event that the Defendants' motion to stay discovery is denied, the parties will file a revised scheduling order setting forth a date to exchange Rule 26(a)(1) disclosures within 21 days of the Court's denial of such motion.

d. **Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).** See above.

e. **Statement concerning any agreements to conduct informal discovery:** Defendants prefer to conduct formal discovery, but the parties intend to explore

8

informal discovery, if it is conducive to both parties.

f. **Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system:** The parties will use a unified exhibit numbering system for depositions. Counsel will attempt to conduct discovery in a cost-efficient manner.

g. **Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form:** The parties anticipate the claims and defenses will involve some amount of electronically stored information and records maintained in electronic form, including, but not limited to, email correspondence. The parties agree that all electronically stored information, which is not likely to be voluminous, shall be produced in PDF format, unless a native file is requested or needed.

h. **Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case:** The parties are open to the possibility of early resolution. Plaintiff intends to submit a formal demand in the coming weeks.

## 7.  CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8.  DISCOVERY LIMITATIONS

a. **Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules:** Defendants

9

have moved to dismiss all individuals and to stay discovery until that motion is decided. Defendants' position on any modification to the presumptive limit of 10 depositions is dependent on the outcome of the currently-pending Motions to Dismiss the Individual Defendants (ECF ## 59, 60, & 61). If the Defendants' motions to dismiss are denied in full or in part, Defendants oppose Plaintiff taking an additional 10 fact depositions, and submit that Plaintiff be permitted only to take the deposition of each remaining party, experts, and <u>two</u> others. In the event that Defendants' motions are granted and all individuals are dismissed, then Defendants agree with the presumptive limits: Each side may take 10 fact depositions, excluding experts. Subject also to the Court's ruling on Defendants' motion to stay discovery, the parties agree that each side may serve 25 written interrogatories, including discrete subparts.

b. **Limitations which any party proposes on the length of depositions.** One day of 7 hours.

c. **Limitations which any party proposes on the number of requests for production and/or requests for admission:** Subject to and pending the outcome of the Court's ruling on the Defendants' motion to stay discovery, the parties agree that Plaintiff may serve 25 Requests for Production and 25 Requests for Admission on Defendants collectively. Defendants collectively may serve 25 Requests for Production and 25 Requests for Admission on Plaintiff. .

d. **Deadline for service or interrogatories, Requests of Production of Documents and/or Admissions:** Defendants have moved to stay discovery pending resolution of their motions to dismiss. In the event that Defendants' motion to stay discovery is denied, the parties intend to file a revised scheduling order setting forth discovery deadlines.

e. **Other Planning or Discovery Orders:**

## 9. CASE PLAN AND SCHEDULE

a. **Deadline for Joinder of Parties and Amendment of Pleadings:** March 3, 2025.

b. **Discovery Cut-Off:** Defendants have moved to stay discovery. See above, Sec. 8.d.

c. **Dispositive Motion Deadline:** Defendants have moved to stay discovery. See above, Sec. 8.d.

d. **Expert Witness Disclosure:**

   1. **Identify anticipated field of expert testimony, if any:**

      i. **Plaintiff: Plaintiff may call an economic expert.**

      ii. **Defendant:** Defendant does not anticipate any expert testimony other than to rebut Plaintiff's expert, if any.

   2. **Limitations which the parties propose on the use or number of expert witnesses:** Two per side; one per subject area.

   3. Defendants have moved to stay discovery; following the resolution of the Defendants' motion, the parties intend to file a revised case management order setting forth a discovery schedule, including deadlines to provide experts, and any rebuttal experts, as specified in F.R.C.P. 26(a)(2).

e. **Identification of Persons to Be Deposed:**

**Plaintiff:**

1. Kate Bauer, Senior Investigator for the OIEC
2. Lance Carl (W1), former Associate Athletic Director for Student Athlete Development and Alumni Relations for CU Boulder's football program
3. Ann Gushurst, Hearing Officer
4. Llen Pomeroy, Associate Vice Chancellor for the OIEC and Title IX Coordinator

11

5. Regina Tirella, Chair of Sanctioning Board
6. **One of**: Lisa Potoka Jones, Member of Appeal Board; Will Dewese, Member of Appeal Board, Laura Emmon, Member of Appeal Board
7. Karl Dorrel (W2), Football Head Coach
8. Boulder Community Health Physician, Dr. Johs
9. Boulder Police Deputy Weinheimer, Boulder Police Department Deputy Chief
10. Emma Topping (Roe's Roomate)

**Defendants:**

1. Plaintiff
2. Plaintiff's expert, if any
3. Other persons as identified during discovery

    The parties reserve the right to alter this preliminary list of persons to be deposed as discovery progresses, subject to limitations otherwise expressly set forth in this Scheduling Order.

## 10. DATES FOR FURTHER CONFERENCES

a. Status conferences will be held in this case as set by the Court.
b. A final pretrial conference will be held in this case on _____ at ___.

    A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement: None at this time.
b. Anticipated length of trial and whether trial is to the court or jury: Jury trial; 5 days
c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently conducted in the District Court facilities at Colorado Springs, Grand

Junction, or Durango: None.

## 12. NOTICE TO COUNSEL

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with ethe Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

The Scheduling Order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this ___day of _____, 20__.

BY THE COURT:

_____

United States Magistrate Judge

APPROVED:

_____

_____e

Jason Savela
The Savela Law Firm, P.C.

13

3825 Iris Ave., Suite 100
Boulder, CO 80301
720-260-7632
jason@savelaw.net

*Attorney for Plaintiff*


_

Megan Clark
Senior Assistant University Counsel
Special Assistant Attorney General
University of Colorado
Office of University Counsel
1800 Grant Street, Suite 700
Denver, CO 80203
303-860-5691
Megan.Clark@cu.edu

*Attorney for Defendants*