**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:24-cv-02576-GPG-TPO

LOULILLIAN WATSON,

Plaintiff,

v.

UNIVERSITY OF COLORADO BOULDER; THE BOARD OF REGENTS FOR UNIVERSITY OF COLORADO, BOULDER;
JUSTIN SCHWARTZ, individually and as agent for University of Colorado, Boulder;
KATE BAUER, individually and as agent for University of Colorado, Boulder;
LANCE CARL, individually and as agent for University of Colorado, Boulder;
EMILY PFLEGHAAR, individually and as agent for University of Colorado, Boulder;
ANN GUSHURST, individually and as agent for University of Colorado, Boulder;
VALERIE SIMONS, individually and as agent for University of Colorado, Boulder;
LLEN POMEROY, individually and as agent for University of Colorado, Boulder;
REGINA TIRELLA, individually and as agent for University of Colorado, Boulder;
DANIEL EASTON, individually and as agent for University of Colorado, Boulder;
HOLLY NELSON, individually and as agent for University of Colorado, Boulder;
LISA POTOKA JONES, individually and as agent for University of Colorado, Boulder;
WILL DEWESE, individually and as agent for University of Colorado, Boulder; and
LAURA EMMOT, individually and as agent for University of Colorado, Boulder,

Defendants.

---

**DEFENDANT ANN GUSHURST'S REPLY IN SUPPORT OF HER MOTION TO DISMISS ECF #81, PLAINTIFF'S SECOND AMENDED COMPLAINT**

---

Defendant, Ann Gushurst in her individual capacity, replies in support of her motion to dismiss Plaintiff Loulillian Watson's Second Amended Complaint ("SAC") (ECF #81). Ms. Watson's Response (ECF #87) does not rebut Ms. Gushurst's Motion to Dismiss (ECF # 83). Instead, it reveals that Ms. Watson conflates her suit against Ms. Gushurst in her personal capacity with complaints about the University generally. But Ms. Watson's grievances against the University can't be imputed to show Ms. Gushurst

is individually liable, and nothing in Ms. Watson's SAC or her Response shows otherwise. All her claims against Ms. Gushurst must be dismissed.

## REPLY ARGUMENT

### I. Ms. Watson's Response confirms that her § 1983 and due process claims must be dismissed because the relief she seeks is barred.

Plaintiff's Response explains that she "seeks prospective injunctive relief, not money damages." ECF #87, p. 10; *see also* ECF #81, ¶¶ 153; 164-65; 178 (identifying only prospective injunctive relief as to Claims I, II, and III). With this, Plaintiff has confirmed that Claims I, II, and III against Ms. Gushurst must be dismissed: "section 1983 does not permit injunctive relief against state officials sued in their individual as distinct from their official capacity." *Greenawalt v. Indiana Dep't of Corr.*, 397 F.3d 587, 589 (7th Cir. 2005) (concluding "suit was properly dismissed against the individual defendants insofar as it sought injunctive relief").

"Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). "Official-capacity suits, in contrast, generally represent only another way of pleading an action against an entity of which an officer is an agent." *Id*. As the Supreme Court has explained:

> In an official-capacity claim, the relief sought is only nominally against the official and in fact is against the official's office and thus the sovereign itself. This is why, when officials sued in their official capacities leave office, their successors automatically assume their role in the litigation. The real party in interest is the government entity, not the named official. Personal-capacity suits, on the other hand, seek to impose *individual* liability upon a government officer for actions taken under color of state law. Officers sued in their personal capacity come to court as individuals, and the real party in interest is the individual, not the sovereign.

*Lewis v. Clarke*, 581 U.S. 155, 162–63 (2017) (internal citations and alterations omitted). To assess whether the plaintiff is suing a defendant in her personal or official capacity, courts look at the remedy the plaintiff seeks, to "determine in the first instance whether the remedy sought is truly against the sovereign." *Id.* at 161–62. If a suit seeks prospective injunctive relief, that's a proper remedy against a state – and thus, against an official-capacity, but not individual capacity, defendant. *See Greenawalt*, 397 F.3d at 589. The D.C. District Court has discussed this in *Hatfill v. Gonzales*:

> Despite [plaintiff's] attempt to obtain injunctive relief from the individual defendants for the deprivation of his liberty interests protected by the Fifth Amendment, he simply cannot seek that redress from the individual defendants in their personal capacities. Rather, the relief [plaintiff] seeks can only be provided by the government through government employees acting in their official capacities because deprivation of a constitutional right can only be remedied by the government.

519 F. Supp. 2d 13, 26 (D.D.C. 2007).

So, too, here. Plaintiff can seek injunctive relief against an official-capacity defendant. She can seek monetary damages against an individual-capacity defendant. But she cannot seek the reverse. *Dertz v. City of Chicago*, 912 F. Supp. 319, 328 (N.D. Ill. 1995), *on reconsideration in part*, No. 94 C 542, 1997 WL 85169 (N.D. Ill. Feb. 24, 1997) ("[T]he equitable relief that the plaintiffs request—a declaration that the defendant's policy is unconstitutional and an injunction barring the defendants from implementing the policy in the future—can be obtained only from the defendants in their official capacities, not as private individuals. Injunctive relief against a state official may be recovered only in an official capacity suit.").

Even if her claims were not barred against Ms. Gushurst for this reason, they still fail because Plaintiff hasn't alleged, nor can she, that Ms. Gushurst, merely the hearing officer in this matter, has the authority to implement the prospective injunctive relief

Plaintiff seeks—expunging Plaintiff's disciplinary record. *See Ex Parte Young*, 209 U.S. 123, 157 (1908) (the state official must have the power to perform the act required in order to overcome the jurisdictional bar of the Eleventh Amendment); *Klein v. Univ. of Kansas Med. Ctr.*, 975 F. Supp. 1408, 1417 (D. Kan. 1997) (dismissing claims for injunctive relief against defendants in their official capacities because the university chancellor, whom plaintiff had not sued, was the "only person with authority" to provide the prospective injunctive relief plaintiff sought—reinstatement).

Consequently, Plaintiff's Claims I, II, and III, seeking prospective injunctive relief against Ms. Gushurst, must be dismissed.

## II. Ms. Watson's Claims I, II, and III must also be dismissed as untimely and for failure to state a claim.

### a. Ms. Watson's § 1983 claim against Ms. Gushurst is untimely.

Plaintiff believes her claims aren't barred by the statute of limitations because the University denied her appeal in October 2022. ECF #87, pp. 7-9. This is Plaintiff's argument regarding her claims against the University (*see* ECF #86, pp. 11-13), but it does not make sense applied to her individual-capacity claims against Ms. Gushurst, especially when Ms. Gushurst had no involvement in the appeal.

To sustain a Section 1983 claim against Ms. Gushurst, Plaintiff "must plead that [Ms. Gushurst], through [Ms. Gushurst's] own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Those "actions" were completed by July 2022, and Plaintiff received notice of them on August 4, 2022. ECF #81, ¶¶ 119, 128. That's when her claims against Ms. Gushurst arose, and they're barred. ECF # 83, pp. 4-6; *see also Alexander v. Okla.*, 382 F.3d 1206, 1216 (10th Cir. 2004).

### b. Ms. Watson hasn't stated a claim.

For the reasons articulated in Ms. Gushurst's motion to dismiss, Plaintiff still has not alleged that Ms. Gushurst's actions deprived Plaintiff of a constitutionally protected interest. ECF # 83, pp. 6-9. Ms. Watson's Response simply cites the law on due process with a high level of generality, ECF #87, p. 3, and re-states her conclusory belief that Ms. Gushurst's decision violated her rights because she disagrees with it. *Id*., pp. 4-5. *Iqbal*, 556 U.S. at 676 (conclusory allegations are insufficient); *Messeri v. DiStefano*, 480 F. Supp. 3d 1157, 1168 n.9 (D. Colo. 2020) (due process does not require a specific result). Thus, Plaintiff cannot maintain a Section 1983 claim against Ms. Gushurst, no declaratory judgment should enter, nor can she overcome the first prong of qualified immunity. ECF #83, pp. 9, 12-13.

**c. Ms. Watson hasn't overcome Ms. Gushurst's defense of qualified immunity.**

Finally, assuming that Ms. Watson's claims aren't barred for seeking injunctive relief, are timely, and state a claim, they still must be dismissed because Ms. Gushurst is entitled to qualified immunity. In short, Plaintiff has not pointed to any authority that disagreeing with Plaintiff's evidence and allowing University counsel to appear with a witness are "clearly established" as due process violations.

To determine whether the law was "clearly established," there must be "an on-point Supreme Court or published Tenth Circuit decision; alternatively, the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." *Cox v. Glanz*, 800 F.3d 1231, 1247 (10th Cir. 2015) (internal quotation marks omitted). That Plaintiff was entitled to due process before she could be expelled may be "clearly established," but "the clearly established law must be particularized' to the facts of the case" – a difficult hurdle for Plaintiff, given the fact-

intensive and unique circumstances of each matter. *Lee v. Univ. of New Mexico*, 449 F. Supp. 3d 1071, 1137 (D.N.M. 2020). At bottom, to defeat qualified immunity, Plaintiff must point to law showing that every "reasonable official would have understood that what [she] is doing violates that right." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) (citation and internal alterations omitted).

There is no "clearly established law" that allowing University counsel to appear on behalf of another University employee, or disagreeing with Plaintiff's version of events, are "clearly established" violations of Plaintiff's due process rights – especially when it's undisputed that Plaintiff had the opportunity to, and did, receive the evidence against her; was permitted to responded to the evidence; attended a hearing (but declined to participate); and submitted evidence through her lawyer. *See* ECF #83, pp. 6-9. As Ms. Gushurst argued, Plaintiff's complaints invoke, at most, the "hazy borders of the law" where qualified immunity shields a government official performing discretionary duties from liability. *See, e.g.*, *Lee*, 449 F. Supp. 3d at 1135 (Granting University officials qualified immunity for actions taken in student discipline matter and noting "[t]here are no Supreme Court or Tenth Circuit opinions clearly delineating the appropriate level of procedural safeguards for students accused of sexual misconduct."); *Doe v. Univ. of Nebraska*, 451 F. Supp. 3d 1062, 1121 (D. Neb. 2020) ("Even if [the hearing officer] made a mistake in excluding relevant evidence, this is the type of mistake that the qualified immunity rule was intended to protect. Qualified immunity protects public officials who act in good faith while performing discretionary duties that they are obligated to undertake." (citations, internal quote marks, and alterations omitted)); *see also* ECF #83, pp. 11-12.

## III. Ms. Watson's state claims must be dismissed.

Finally, the Court must dismiss Plaintiff's breach of contract (ECF #81, ¶ 181), breach of the covenant of good faith and fair dealing (*id.*, ¶ 242), and promissory estoppel (*id.*, ¶ 248) because Plaintiff does not allege any contract or promise between herself and Ms. Gushurst. Instead, Plaintiff claims that because the OIEC resolution procedures applied to University employees, Ms. Gushurst can be held personally liable for allegedly violating them. ECF #87, pp. 12-14. Not so.

Again, Plaintiff cannot hold Ms. Gushurst liable for any alleged breach of a contract between the University and herself absent allegations that Ms. Gushurst, too, was party to the contract. *See, e.g.*, *Harvest Worship Ctr. v. Resound Church*, No. 22-CV-002285-RMR-NRN, 2023 WL 6377235, at *6 (D. Colo. Sept. 29, 2023). And that makes sense – it would be problematic if an organization could shift its institutional liability (if any) to individual employees who implement policies, merely because an institution necessarily must act through its employees. Besides, the OIEC procedures cannot be a contract because they include a conspicuous disclaimer. *See* ECF #3-2. Other courts in this district have found that a clear, conspicuous disclaimer in the University's procedures means, as a matter of law, that there was no contract and the claims must be dismissed. *Doe v. DiStefano*, No. 18-CV-1462-WJM-KLM, 2019 WL 1254943, at *3 (D. Colo. Mar. 19, 2019) (dismissing plaintiff's breach of contract and breach of implied covenant of good faith and fair dealing claims based on the OIEC policies and procedures, because it "contains an explicit disclaimer on the cover page that it 'is not intended to, nor does it, create a contract' between the University and community members," meaning that it "could not reasonably be understood as a contract [and] . . . cannot form the basis of a contract claim"). And finally, because all

federal claims must be dismissed as above, so too should the state claims. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) (pendant jurisdiction is discretionary and "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well").

## CONCLUSION

For the reasons argued in her Motion (ECF #83) and asserted above, Defendant Ann Gushurst respectfully requests that the Court dismiss all claims against her in her individual capacity with prejudice, and grant such other relief as the Court deems just.

**DATED:** May 21, 2025.

Respectfully submitted:

*s/ Megan H. Clark*

Megan H. Clark
Senior Assistant University Counsel
Special Assistant Attorney General
University of Colorado
Office of University Counsel
1800 Grant Street, Suite 700
Denver, CO 80203
303-860-5691
Megan.Clark@cu.edu
*Attorney for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 21, 2025, I electronically filed the foregoing with the Court's electronic filing system (CM/ECF) which will automatically cause notification to be sent to the following counsel of record:

Jason William Savela
The Savela Law Firm PC
3825 Iris Avenue, Suite 100
Boulder, CO 80301
720-821-1001
jason@savelaw.net
*Attorney for Plaintiff*

*s/ Pamela K. Morrison*
Pamela K. Morrison, Litigation Paralegal