**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:24-cv-02576-GPG-TPO

LOULILLIAN WATSON,

Plaintiff,

v.

UNIVERSITY OF COLORADO BOULDER; THE BOARD OF REGENTS FOR UNIVERSITY OF COLORADO, BOULDER;
JUSTIN SCHWARTZ, individually and as agent for University of Colorado, Boulder;
KATE BAUER, individually and as agent for University of Colorado, Boulder;
LANCE CARL, individually and as agent for University of Colorado, Boulder;
EMILY PFLEGHAAR, individually and as agent for University of Colorado, Boulder;
ANN GUSHURST, individually and as agent for University of Colorado, Boulder;
VALERIE SIMONS, individually and as agent for University of Colorado, Boulder;
LLEN POMEROY, individually and as agent for University of Colorado, Boulder;
REGINA TIRELLA, individually and as agent for University of Colorado, Boulder;
DANIEL EASTON, individually and as agent for University of Colorado, Boulder;
HOLLY NELSON, individually and as agent for University of Colorado, Boulder;
LISA POTOKA JONES, individually and as agent for University of Colorado, Boulder;
WILL DEWESE, individually and as agent for University of Colorado, Boulder; and
LAURA EMMOT, individually and as agent for University of Colorado, Boulder,

Defendants.

---

**DEFENDANTS JUSTIN SCHWARTZ, LANCE CARL, EMILY PFLEGHAAR, VALERIE SIMONS, LLEN POMEROY, REGINA TIRELLA, DANIEL EASTON, AND HOLLY NELSON'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS ECF #81, LOULILLIAN WATSON'S SECOND AMENDED COMPLAINT**

---

Individual Defendants Justin Schwartz, Lance Carl, Emily Pfleghaar, Valerie Simons, Llen Pomeroy, Regina Tirella, Daniel Easton, and Holly Nelson reply in support of their Motion to Dismiss Plaintiff Loulillian Watson's Second Amended Complaint (ECF #81). Rather than salvage her claims, Ms. Watson's Response (ECF #88) to the Defendants' Motion to Dismiss (ECF #84) provides additional support for the relief the

Defendants seek: Ms. Watson's Second Amended Complaint ("SAC") must be dismissed.

## REPLY ARGUMENT

### I. Ms. Watson's Response confirms that her § 1983 and due process claims against the Individual Defendants must be dismissed because the relief she seeks is barred.

Plaintiff's Response explains that she "seeks prospective injunctive relief, not money damages" against the Individual Defendants. ECF #88, p. 11 n. 11; *see also* ECF #81, ¶¶ 153; 164-65; 178 (identifying only prospective injunctive relief as to Claims I, II, and III). With this clarification, Plaintiff confirmed that her Claims I, II, and III against the Individual Defendants must be dismissed: the law does not permit Plaintiff to seek "prospective injunctive relief" against a § 1983 defendant sued in their individual capacity because only the government can remedy government action.

Much of the confusion in Plaintiff's SAC and in her Response stems from the fact that she may not understand what it means to sue a defendant in their "individual" capacity. To be clear, "[p]ersonal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). "Official-capacity suits, in contrast, generally represent only another way of pleading an action against an entity of which an officer is an agent." *Id*. For instance, if a public official is sued in his official and individual capacities for acts performed in each capacity, those acts "are generally treated as the transactions of two different legal personages." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 543 n.6 (1986); *see also Johnson v. Bd. of Cnty. Comm'rs for Cnty. of Fremont*, 85 F.3d 489, 493 (10th Cir. 1996) ("[A] person sued in his official capacity has no stake, as an individual, in the outcome of the litigation.").

As the Supreme Court has explained:

> In an official-capacity claim, the relief sought is only nominally against the official and in fact is against the official's office and thus the sovereign itself. This is why, when officials sued in their official capacities leave office, their successors automatically assume their role in the litigation. The real party in interest is the government entity, not the named official. Personal-capacity suits, on the other hand, seek to impose *individual* liability upon a government officer for actions taken under color of state law. Officers sued in their personal capacity come to court as individuals, and the real party in interest is the individual, not the sovereign.

*Lewis v. Clarke*, 581 U.S. 155, 162–63 (2017) (internal citations and alterations omitted).

To assess whether the plaintiff is suing a defendant in their personal or official capacity, courts look at the remedy the plaintiff seeks to "determine in the first instance whether the remedy sought is truly against the sovereign." *Id.* at 161–62. If a suit seeks prospective injunctive relief, that's a proper remedy against a state – and thus, against an official-capacity, but not individual capacity, defendant. *Greenawalt v. Indiana Dep't of Corr.*, 397 F.3d 587, 589 (7th Cir. 2005) (holding that "section 1983 does not permit injunctive relief against state officials sued in their individual as distinct from their official capacity" and concluding "suit was properly dismissed against the individual defendants insofar as it sought injunctive relief"); *see also Kentucky*, 473 U.S. at 167–68. The D.C. District Court has discussed this in *Hatfill v. Gonzales*:

> Despite [plaintiff's] attempt to obtain injunctive relief from the individual defendants for the deprivation of his liberty interests protected by the Fifth Amendment, he simply cannot seek that redress from the individual defendants in their personal capacities. Rather, the relief [plaintiff] seeks can only be provided by the government through government employees acting in their official capacities because deprivation of a constitutional right can only be remedied by the government.

519 F. Supp. 2d 13, 26 (D.D.C. 2007).

Thus, Plaintiff simply cannot seek injunctive relief against an individual-capacity defendant, as she tries to do here.

Even if her claims were not barred on this basis, they still fail because Plaintiff hasn't alleged that these Individual Defendants—in their personal, not official, capacity—have the authority to implement the prospective injunctive relief Plaintiff seeks: expunging Plaintiff's disciplinary record. *See Ex Parte Young*, 209 U.S. 123, 157 (1908) (the state official must have the power to perform the act required in order to overcome the jurisdictional bar of the Eleventh Amendment).

Consequently, because Plaintiff admits she only seeks prospective injunctive relief from the Individual Defendants, but cannot recover such relief from them under the law, Claims I, II, and III against the Individual Defendants must be dismissed.

## II. Ms. Watson's Claims I, II, and III must also be dismissed as untimely and for failure to state a claim.

Notwithstanding the above, all eight Individual Defendants must be dismissed for the reasons articulated in their Motion. *See generally* ECF #84.

First, all Plaintiff's claims against these individuals are untimely. She claims that the statute of limitations did not begin to run until the University denied her appeal, in October 2022. ECF #88, p. 4. But again, none of these individuals were involved, or alleged to have been involved, in the appeal. Because her claims against the individuals must be based on their own personal actions, and their personal involvement, if any,[1] indisputably occurred prior to August 4, 2022, her claims are barred. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). *See also* ECF #84, pp. 7-14.

[1] Chancellor Schwartz could not have been involved given the date of his hire. Plaintiff's Response on this point illustrates her confusion about her claims. ECF #88, p. 6.

Second, Plaintiff still fails to point to these individual's specific acts that she believes show their personal involvement in her alleged constitutional deprivation, and so could support a claim of liability. Indeed, for several defendants, she confirms that she proceeds only by virtue of their title, their signature on a document, and/or on a theory of supervisory liability.[2] ECF #88, pp. 7-10. But she must still allege that each individual defendant had the requisite "(1) personal involvement; (2) causation, and (3) state of mind" to link their actions to her alleged constitutional violation. *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 767 (10th Cir. 2013) (internal quotation omitted). But she doesn't, instead relaying that the defendants, collectively, "personally participated in the constitutional violations" by virtue of, in essence, doing their jobs – signing forms, initiating the process, or making decisions about Plaintiff's presence on campus. ECF #88, p. 9. Again, this just isn't enough.

True, she does include a reference to the law that allows a supervisor to be held liable "even without personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Dodge v. Shoemaker*, 695 F. Supp. 2d 1127, 1143 (D. Colo. 2010); *see* ECF #88, p. 8. But this doesn't rescue her claims, because she makes no allegations that fit this framework. In other words, she

[2] For example, she's alleged that "Defendant Schwartz was not Chancellor at the time of the constitutional violations against Ms. Watson, but he assumed the responsibilities and obligations of the position when he took over the role of Chancellor in July 2024, including personal responsibility for the continued operation of CU Boulder's policies[.]" ECF # 88, p. 9, n.10. By this footnote, Plaintiff explains she is suing Chancellor Schwartz simply by virtue of his role (an official-capacity claim, which should be dismissed for the reasons argued elsewhere) or because he has supervisory responsibilities (a vicarious liability claim, which is barred as pled).

doesn't mount a challenge to the policy itself – she challenges its application to her. *See generally*, ECF #81. Nor does she allege these Defendants' roles in implementing the policy. At bottom, her sparse allegations are simply not enough to hold any of these defendants personally liable. *See also* ECF #84, pp. 5, 8-13.

Finally, all eight of these individual Defendants are entitled to qualified immunity. Nowhere does Plaintiff point to (1) her alleged facts or (2) identify the clearly established law that any of these individuals violated her constitutional rights, of which every reasonable official would have known. ECF #88, pp. 11-14. *See Hunt v. Bd. of Regents of Univ. of New Mexico*, 792 F. App'x 595, 601–02 (10th Cir. 2019). Plaintiff's general citations to caselaw noting that she was entitled to "more formal procedures," followed by her conclusory allegations that the Defendants should not have initiated any procedures against her at all, are not on point and do not adequately allege that any defendant violated her clearly established constitutional rights. ECF #88, p. 12. *See Lee v. Univ. of New Mexico*, 449 F. Supp. 3d 1071, 1137 (D.N.M. 2020) ("[T]he precise contours of [plaintiff's] due process rights are not clearly established. The Tenth Circuit has prescribed *Mathews v. Eldridge's* balancing test to determine whether procedural safeguards are constitutionally adequate. This mandate necessarily requires an intensely fact-specific analysis, which limits predictability and doctrinal development.").

Consequently, Plaintiff's § 1983 claims must be dismissed.

## II. Ms. Watson's state claims must be dismissed.

Finally, Plaintiff cannot hold these individual defendants liable for her state-law contract or promissory estoppel claims, as these alleged contracts or promises were only between the University and Plaintiff. ECF #84, p. 14. Plaintiff's theory to the contrary goes against the law that employees cannot be held liable individually for

alleged breaches of their employers' policies, absent evidence that the employee themselves was a party to the contract. *Id.*; *see also Harvest Worship Ctr. v. Resound Church*, No. 22-CV-002285-RMR-NRN, 2023 WL 6377235, at *6 (D. Colo. Sept. 29, 2023).

In any event, the OIEC procedures cannot be a contract because they include a conspicuous disclaimer, which as a matter of law negates Plaintiff's claims here. *See* ECF #3-2; *Doe v. DiStefano*, No. 18-CV-1462-WJM-KLM, 2019 WL 1254943, at *3 (D. Colo. Mar. 19, 2019) (dismissing breach of contract and breach of implied covenant of good faith and fair dealing claims, based on OIEC policies and procedures, because it "contains an explicit disclaimer . . . that it 'is not intended to, nor does it, create a contract' between the University and community members," and so the procedures "cannot form the basis of a contract claim"). Finally, because all federal claims must be dismissed, so too should the state claims. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) (pendant jurisdiction is discretionary and "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well").

## CONCLUSION

For all the reasons argued in their Motion (ECF #84) and asserted above, Defendants respectfully request that the Court dismiss all claims against them in their individual capacities with prejudice, and grant such other relief as the Court deems just.

**DATED:** May 21, 2025.

Respectfully submitted:

*s/ Megan H. Clark*
Megan H. Clark

Senior Assistant University Counsel
Special Assistant Attorney General
University of Colorado
Office of University Counsel
1800 Grant Street, Suite 700
Denver, CO 80203
303-860-5691
Megan.Clark@cu.edu
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2025, I electronically filed the foregoing with the Court's electronic filing system (CM/ECF) which will automatically cause notification to be sent to the following counsel of record:

Jason William Savela
The Savela Law Firm PC
3825 Iris Avenue, Suite 100
Boulder, CO 80301
720-821-1001
jason@savelaw.net
*Attorney for Plaintiff*

*s/Pamela K. Morrison*
Pamela K. Morrison, Litigation Paralegal