**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:24-cv-02576-GPG-TPO

LOULILLIAN WATSON,

Plaintiff,

v.

UNIVERSITY OF COLORADO BOULDER; THE BOARD OF REGENTS FOR UNIVERSITY OF COLORADO, BOULDER;
JUSTIN SCHWARTZ, individually and as agent for University of Colorado, Boulder;
KATE BAUER, individually and as agent for University of Colorado, Boulder;
LANCE CARL, individually and as agent for University of Colorado, Boulder;
EMILY PFLEGHAAR, individually and as agent for University of Colorado, Boulder;
ANN GUSHURST, individually and as agent for University of Colorado, Boulder;
VALERIE SIMONS, individually and as agent for University of Colorado, Boulder;
LLEN POMEROY, individually and as agent for University of Colorado, Boulder;
REGINA TIRELLA, individually and as agent for University of Colorado, Boulder;
DANIEL EASTON, individually and as agent for University of Colorado, Boulder;
HOLLY NELSON, individually and as agent for University of Colorado, Boulder;
LISA POTOKA JONES, individually and as agent for University of Colorado, Boulder;
WILL DEWESE, individually and as agent for University of Colorado, Boulder; and
LAURA EMMOT, individually and as agent for University of Colorado, Boulder,

Defendants.

---

**DEFENDANTS LISA POTOKA JONES, WILL DEWESE, AND LAURA EMMOT'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS ECF #81, PLAINTIFF'S SECOND AMENDED COMPLAINT**

---

Defendants Lisa Potoka Jones, Will Dewese, and Laura Emmot (collectively, the "Appeal Board") reply in support of their Motion to Dismiss (ECF #85) Plaintiff Loulillian Watson's Second Amended Complaint (ECF #81).

## REPLY ARGUMENT

### I. Ms. Watson's § 1983 claims must be dismissed because the relief she seeks is barred.

Plaintiff's Response explains that she "seeks prospective injunctive relief, not money damages." ECF #89, p. 6; *see also* ECF 81, ¶¶ 153; 164-65; 178 (identifying only prospective injunctive relief as to Claims I, II, and III). With this, Plaintiff has confirmed that Claims I, II, and III against the Appeal Board must be dismissed, as "section 1983 does not permit injunctive relief against state officials sued in their individual as distinct from their official capacity." *Greenawalt v. Indiana Dep't of Corr.*, 397 F.3d 587, 589 (7th Cir. 2005) (concluding "suit was properly dismissed against the individual defendants insofar as it sought injunctive relief").

Again,[1] this bar flows from the capacity in which Plaintiff has sued the members of the Appeal Board. As the Supreme Court has explained:

> In an official-capacity claim, the relief sought is only nominally against the official and in fact is against the official's office and thus the sovereign itself. This is why, when officials sued in their official capacities leave office, their successors automatically assume their role in the litigation. The real party in interest is the government entity, not the named official. Personal-capacity suits, on the other hand, seek to impose *individual* liability upon a government officer for actions taken under color of state law. Officers sued in their personal capacity come to court as individuals, and the real party in interest is the individual, not the sovereign.

*Lewis v. Clarke*, 581 U.S. 155, 162–63 (2017) (internal citations and alterations omitted). If a suit seeks prospective injunctive relief, that's a proper remedy against a state – and thus, against an official-capacity, but not an individual capacity, defendant. *See Greenawalt*, 397 F.3d at 589.

[1] This argument is repeated in the Replies filed on behalf of the other individual-capacity defendants and is incorporated here. *See* concurrently-filed ECF Nos. 92 & 93.

Accordingly, Plaintiff can seek injunctive relief against an official-capacity defendant. She can seek monetary damages against an individual-capacity defendant. But she cannot seek what she tries to here: injunctive relief against an individual. *Dertz v. City of Chicago*, 912 F. Supp. 319, 328 (N.D. Ill. 1995), *on reconsideration in part*, No. 94 C 542, 1997 WL 85169 (N.D. Ill. Feb. 24, 1997) ("[T]he equitable relief that the plaintiffs request—a declaration that the defendant's policy is unconstitutional and an injunction barring the defendants from implementing the policy in the future—can be obtained only from the defendants in their official capacities, not as private individuals.").

Even if her claims were not barred for this reason, they still fail because Plaintiff hasn't alleged, nor can she, that the Appeal Board has the authority to implement the prospective injunctive relief Plaintiff seeks – expunging her disciplinary records. ECF #81, Prayer for Relief, ¶¶ a-c. *See Ex Parte Young*, 209 U.S. 123, 157 (1908) (the state official must have the power to perform the act required in order to overcome the jurisdictional bar of the Eleventh Amendment); *Klein v. Univ. of Kansas Med. Ctr.*, 975 F. Supp. 1408, 1417 (D. Kan. 1997) (dismissing claims for injunctive relief against defendants in their official capacities because the university chancellor, whom plaintiff had not sued, was the "only person with authority" to provide the prospective injunctive relief plaintiff sought—reinstatement).

Consequently, Plaintiff's Claims I, II, and III, seeking prospective injunctive relief against the Appeal Board, must be dismissed

## II. Ms. Watson's Sec. 1983 claims against the Appeal Board must nonetheless be dismissed for failure to state a claim and due to qualified immunity.

First, Ms. Watson has still failed to state a claim. Plaintiff begins by pointing to her conclusory allegations in the SAC, where she complains that the Appeal Board did

not appropriately consider her evidence. ECF #89, pp. 3-4; *see also* ECF #81, ¶¶ 134-141. But she does not identify how these alleged failures are a violation of her due process rights. Instead, she cites only general statements of the law and one law review article. ECF #89, pp. 2-3, n. 3. For instance, she complains about the Appeal Board's reliance on Witness 5's statement to uphold the Hearing Officer's decision, *id.* at p. 3, but a deeper review reveals that Plaintiff simply disagrees that Witness 5 was "relevant." ECF #81, ¶ 137. Contending that the Appeal Board relied on evidence that she does not find relevant does not plausibly allege that such reliance violated her procedural due process rights – and that's because it doesn't. ECF #85, p. 8 (mistakes do not violate due process); *Doe v. Univ. of Nebraska*, 451 F. Supp. 3d 1062, 1121 (D. Neb. 2020).

At most, she alleges that the Appeal Board erroneously relied on Plaintiff's unrelated meeting with OIEC (wherein she stated that "she did not wish to provide any information") to "discard any evidence that [her] statements concerning Doe's actions and threats against her were relevant to the case." ECF #81, ¶ 138; *see also* ECF #89, pp. 3-4 (arguing that the Appeal Board made an "erroneous statement about Roe meeting with the OIEC"). But again, Plaintiff admits that she did not "participate[] in the investigation," ECF #81, ¶ 7, and admits that she did not "provide[] any information or documentation to the OIEC during the investigation," *id*., ¶ 109. Thus, even accepting Plaintiff's allegations as true (as F.R.C.P. 12(b)(6) requires), the Appeal Board's error was not an error at all: it was correct that she did not provide any information, and thus, hard to understand how the Appeal Board "discarded" evidence that she didn't provide.

Finally, at bottom, Plaintiff does not complain that she was denied an appeal or that the Appeal Board had an identifiable or specific bias against her. Rather, she

simply believes that they did not properly consider her evidence and that this deprived her of a constitutional violation. This is not enough. ECF #85, p. 6; *see Messeri v. Univ. of Colorado, Boulder*, No. 18-CV-2658-WJM-SKC, 2019 WL 4597875, at *19 (D. Colo. Sept. 23, 2019) (general and conclusory allegations are not enough to sustain a claim against appeal members).

Next, her Response maintains that it is enough to state that each member of the Appeal Board "participated in the procedurally flawed appeal decision and signed and submitted the appeal decision," ECF #89, p. 4, and that "[i]t is ridiculous to argue that, at this point in the litigation, Plaintiff is supposed to know which particular member of the Appeal Board decided which portion of the Appeal Decision," *Id*. But that's <u>exactly</u> the requirement for her to sue a defendant in their individual capacity. Plaintiff "must plead that [the Appeal Board defendants], through [their] own individual actions, ha[ve] violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *see also Dodge v. Shoemaker*, 695 F. Supp. 2d 1127, 1134 (D. Colo. 2010) (concluding that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements will not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions").

<u>Second, Ms. Watson hasn't overcome the assertion of qualified immunity</u>. ECF #85, pp. 9-11. Plaintiff has not pointed to any authority that the due process violations she's alleged are "clearly established." Again, Plaintiff must point to a Supreme Court or Tenth Circuit case on point, or argue that the weight of authority from other circuits would mean that every "reasonable official would have understood that what [they are] doing violates that right." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) (citation and

internal alterations omitted). Instead, Plaintiff cites very high-level and generalized caselaw that she is entitled to "meaningful" process. ECF #89, p. 7. That falls far, far short of the showing that she must make, even at this stage, to defeat qualified immunity. *See, e.g.*, *Flor v. Bd. of Regents of Univ. of N.M.*, 539 F.Supp.3d 1176, 1195 (D.N.M. 2021) (given due process's "inherently flexible nature," it is "all the more important" that the plaintiff "demonstrate—through citation to relevant authority—that it was clearly established that *the specific procedural safeguard at issue* was due to the plaintiff" (emphasis added and citation omitted)); *Lee v. Univ. of N.M.*, 449 F. Supp. 3d 1071, 1135 (D.N.M. 2020) ("That Lee is entitled to due process before UNM can expel him is clearly established, but "the clearly established law must be 'particularized' to the facts of the case.").

## III. Ms. Watson's state claims must be dismissed.

Finally, the Court must still dismiss Plaintiff's state-law breach of contract claims. Again, Plaintiff cannot hold the Appeal Board liable for any alleged breach of a contract between the University and Plaintiff, despite her assertion that they are "contractually responsible" for implementing the procedures. ECF #85, p. 12. It would be problematic if an organization could shift its liability (if any) to individual employees who implement or enact policies, merely because an institution necessarily must act through its employees. Besides, the OIEC procedures cannot be a contract because they include a conspicuous disclaimer. *See* ECF #3-2, p. 1; *Doe v. DiStefano*, No. 18-CV-1462-WJM-KLM, 2019 WL 1254943, at *3 (D. Colo. Mar. 19, 2019) (dismissing breach of contract claims because the OIEC policies and procedures "contain[ed] an explicit disclaimer on the cover page that it 'is not intended to, nor does it, create a contract' between the

University and community members [and thus] . . . cannot form the basis of a contract claim"). Last, because all the federal claims must be dismissed, the Court should dismiss the state-law claims too. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) (pendant jurisdiction is discretionary and "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well").

## CONCLUSION

In sum, Ms. Watson's claims fail for all the reasons articulated in the Appeal Board's motion to dismiss, and nothing in her Response changes this outcome. Accordingly, Defendants Potoka Jones, Dewese, and Emmot respectfully request that the Court dismiss all claims against them in their individual capacities with prejudice, and grant such other relief as the Court deems just.

**DATED:** May 21, 2025.

Respectfully submitted:

*s/ Megan H. Clark*

Megan H. Clark
Senior Assistant University Counsel
Special Assistant Attorney General
University of Colorado
Office of University Counsel
1800 Grant Street, Suite 700
Denver, CO 80203
303-860-5691
Megan.Clark@cu.edu
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2025, I electronically filed the foregoing with the Court's electronic filing system (CM/ECF) which will automatically cause notification to be sent to the following counsel of record:

Jason William Savela
The Savela Law Firm PC
3825 Iris Avenue, Suite 100
Boulder, CO 80301
720-821-1001
jason@savelaw.net
*Attorney for Plaintiff*

*s/Pamela K. Morrison*
Pamela K. Morrison, Litigation Paralegal