**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

CIVIL ACTION NO.: 24-cv-2576-GPG-TPO

LOULILLIAN WATSON,

Plaintiff,

v.

UNIVERSITY OF COLORADO BOULDER; THE BOARD OF REGENTS FOR UNIVERSITY OF COLORADO, BOULDER;
JUSTIN SCHWARTZ, individually and as agent for University of Colorado, Boulder;
KATE BAUER, individually and as agent for University of Colorado, Boulder;
LANCE CARL, individually and as agent for University of Colorado, Boulder;
EMILY PFLEGHAAR, individually and as agent for University of Colorado, Boulder;
ANN GUSHURST, individually and as agent for University of Colorado, Boulder;
VALERIE SIMONS, individually and as agent for University of Colorado, Boulder;
LLEN POMEROY, individually and as agent for University of Colorado, Boulder;
REGINA TIRELLA, individually and as agent for University of Colorado, Boulder;
DANIEL EASTON, individually and as agent for University of Colorado, Boulder;
HOLLY NELSON, individually and as agent for University of Colorado, Boulder;
LISA POTOKA JONES, individually and as agent for University of Colorado, Boulder;
WILL DEWESE, individually and as agent for University of Colorado, Boulder; and
LAURA EMMOT, individually and as agent for University of Colorado, Boulder,

Defendants.

---

**MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**

---

Plaintiff, by and through her undersigned counsel, hereby moves for leave to file her Third Amended Complaint in accordance with Rule 15(a) of the Federal Rules of Civil Procedure. As grounds therefore, Plaintiff states the following:

**CERTIFICATE OF CONFERRAL**

Plaintiff's counsel conferred in good faith with opposing counsel for Defendants, including providing both a redlined version and a clean version of the proposed Third Amended Complaint. Although Plaintiff proposes dismissing eight Defendants and asserts no new claims, Defendants oppose the relief sought herein.

## MOTION

1. Plaintiff seeks leave to file a Third Amended Complaint, pursuant to Rule 15, which states, in pertinent part, "a party may amend his pleading only with the opposing party's consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

2. Plaintiff filed a Complaint on September 19, 2024. ECF 2.

3. Plaintiff filed a First Amended Complaint on October 9, 2024. ECF 7.

4. Defendants filed four Motions to Dismiss Plaintiff's First Amended Complaint on December 16, 2024. ECF 58-61. Plaintiff filed her responses on February 4, 2025. ECF 69-72. Defendants filed their replies on March 4, 2025. ECF 75-78.

5. Pursuant to the Court's Order denying Plaintiff's Motion to Restrict, Plaintiff filed a Second Amended Complaint on April 17, 2025. ECF 81. Per the Court's Order (ECF 80), Plaintiff's Second Amended Complaint replaced the pseudonym "Jane Roe" with the Plaintiff's real name. No other changes were made to the Complaint. The Second Amended Complaint is currently the operative complaint.

6. As Plaintiff lodged a Second Amended Complaint (ECF 81), Defendant's Motions to Dismiss Plaintiff's First Amended Complaint were denied as moot. ECF 95.

7. In response to Plaintiff's Second Amended Complaint, Defendants again filed four Motions to Dismiss. ECF 82-85. Defendant's Motions to Dismiss Plaintiff's Second Amended Complaint replaced the pseudonym "Jane Roe" with Plaintiff's real name. No other changes were made to the Motions to Dismiss. *Compare* ECF 58-61 *with* ECF 82-85.

8. Plaintiff filed her responses on May 7, 2025. ECF 86-89.

9. Defendants filed their replies on May 21, 2025. ECF 91-94.

10. Defendants have not filed an Answer to Plaintiff's Second Amended Complaint.

11. Defendants' Motions to Dismiss Plaintiff's Second Amended Complaint ripe for review before this Court. ECF 82-85 (Defendants' Motions to Dismiss); ECF 86-89 (Plaintiff's Responses to Motion to Dismiss); ECF 91-94 (Defendant's Motion to Dismiss).

12. Plaintiff now seeks leave to file a Third Amended Complaint, attached hereto as **Exhibit A**, to include additional factual allegations and address alleged deficiencies Defendants raised in their Motions to Dismiss. A redlined version is attached hereto as **Exhibit B**.

13. Plaintiff seeks leave to file a Third Amended Complaint in order to dismiss eight Defendants – Lance Carl, Emily Pfleghaar, Valerie Simons, Daniel Easton, Holly Nelson, Lisa Potoka Jones, Will Dewese, and Laura Emmot.

14. Further, Plaintiff seeks leave to file a Third Amended Complaint to supplement and clarify legal and factual pleadings as to Defendants University of Colorado Boulder, the Board of Regents, Justin Schwartz, Kate Bauer, Llen Pomeroy, Ann Gushurst, and Regina Tirella.

15. Notably, Plaintiff's proposed Third Amended Complaint does not add any new claims and instead revises the claims by omitting redundant claims, adding allegations concerning Defendants constitutional and Title IX violations, and expounding upon Plaintiff's state law claims.

16. While the deadline for amendment of the pleadings may have passed, Rule 15(a)(2) provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). "Indeed, Rule 15(a)'s purpose is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Warnick v. Cooley*, 895 F.3d 746, 754-55 (10th Cir. 2018) (internal quotation marks omitted).

17. The Court may refuse leave to amend "on account of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by

amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Hasan v. AIG Prop. Cas. Co*., 935 F.3d 1092, 1101-02 (10th Cir. 2019) (internal quotation marks omitted). Whether to allow amendment is within the trial court's discretion. *See Llucau v. W. Range Ass'n*, 930 F.3d 1161, 1189 (10th Cir. 2019).

18. Potential prejudice to a defendant is the most important factor in considering whether a plaintiff should be permitted to amend her complaint. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006).

19. Plaintiff files this Motion for Leave to File a Third Amended Complaint in good faith without dilatory motive.

20. While the deadline for amendment of pleadings may have passed, "lateness does not itself justify the denial of the amendment," and the undue delay analysis should focus on the reason for the delay. *Llacua*, 930 F.3d at 1189. Here, Plaintiff's counsel recently received an Order in a similar case against a university with similar claims. There, the Court provided Plaintiff with the opportunity to amend the complaint by dismissing defendants, clarifying factual allegations, and revising claims. Due to the similarity between the cases, Plaintiff's counsel, through this Motion, seeks to correct similar deficiencies.

21. Defendants will not be unduly prejudiced if the Court grants Plaintiff's Motion. "Courts typically find prejudice only when the amendment unfairly affects the defendants in terms of preparing their defense to the amendment." *Minter,* 451 F.3d at 1208 (internal quotations omitted). Here, after reviewing the Plaintiff's proposed Third Amended Complaint, Defendants provided no reason for opposing the Motion. Indeed, Plaintiff's proposed amendments seek to dismiss eight Defendants while supplementing and clarifying legal and factual pleadings against the remaining Defendants, yet Defendants opposed the Motion without explanation.

22. Neither the supplementation of Plaintiff's existing claims nor the addition of potentially clarifying facts unfairly affects Defendants' ability to defend this lawsuit, particularly given the fact that this Court has declined to permit discovery to proceed pending the adjudication of dispositive motions.

23. Finally, allowing amendment of Plaintiff's Second Amended Complaint is not futile. A proposed amendment is futile if the complaint, notwithstanding amendment, would still be subject to dismissal. *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1018 (10th Cir. 2013). Here, Plaintiff's proposed amendment is not futile as the Third Amended Complaint addresses the deficiencies Defendants raised in their Motions to Dismiss.

WHEREFORE, Plaintiff respectfully requests that this Court grant Plaintiff's Motion for Leave to File a Third Amended Complaint. In the event that the Court grants this Motion, Plaintiff will file and serve the Third Amended Complaint and associated exhibits within five days of the Court's Order.

Respectfully submitted this 2nd day of October 2025 by

s/ Jason Savela
Jason Savela, Esq., No. 27843
The Savela Law Firm, P.C.
3825 Iris Ave., Suite 100
Boulder, CO 80301
720-260-7392
jason@savelaw.net

*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of October 2025, a true and correct copy of the foregoing MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT was filed with the Court and served upon the following:

Megan H. Clark
University of Colorado
Office of University Counsel
1800 Grant Street, Suite 700
Denver, CO 80203
megan.clark@cu.edu
303-860-5691