**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:24-cv-02576-GPG-TPO

JANE ROE,

Plaintiff,

v.

UNIVERSITY OF COLORADO BOULDER; THE BOARD OF REGENTS FOR UNIVERSITY OF COLORADO, BOULDER;
JUSTIN SCHWARTZ, individually and as agent for University of Colorado, Boulder;
KATE BAUER, individually and as agent for University of Colorado, Boulder;
LANCE CARL, individually and as agent for University of Colorado, Boulder;
EMILY PFLEGHAAR, individually and as agent for University of Colorado, Boulder;
ANN GUSHURST, individually and as agent for University of Colorado, Boulder;
VALERIE SIMONS, individually and as agent for University of Colorado, Boulder;
LLEN POMEROY, individually and as agent for University of Colorado, Boulder;
REGINA TIRELLA, individually and as agent for University of Colorado, Boulder;
DANIEL EASTON, individually and as agent for University of Colorado, Boulder;
HOLLY NELSON, individually and as agent for University of Colorado, Boulder;
LISA POTOKA JONES, individually and as agent for University of Colorado, Boulder;
WILL DEWESE, individually and as agent for University of Colorado, Boulder; and
LAURA EMMOT, individually and as agent for University of Colorado, Boulder,

Defendants.

---

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT**

---

Defendants oppose Plaintiff's Motion for Leave to File a Third Amended Complaint (ECF #96).[1] Plaintiff's proposed Third Amended Complaint is outside the time

[1] In conferral, undersigned counsel informed Plaintiff's counsel that Defendants did not oppose Plaintiff dismissing defendants or dropping claims – which Plaintiff can do without filing an entirely new amended complaint. But Defendants do oppose a Third Amended Complaint as untimely.

allowed for amendment by F.R.C.P. 15; is futile; and is unduly prejudicial to Defendants. The Court should deny it.

## RELEVANT LAW

F.R.C.P. 15(a)(2) governs Plaintiff's request here, and because Defendants do not consent, holds in relevant part that "a party may amend its pleading only with . . . the court's leave," which should be given "when justice so requires." The Court may deny leave to amend upon "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Warnick v. Cooley*, 895 F.3d 746, 755 (10th Cir. 2018) (citation omitted).

## ARGUMENT

### I. Plaintiff's Third Amended Complaint is untimely.

Plaintiff's Motion for Leave to File a Third Amended Complaint seeks "to include additional factual allegations and address alleged deficiencies" pointed out in the pending Motions to Dismiss. (ECF #96, p. 3.) Yet the underlying facts—Plaintiff's violation of University policy and the University's expulsion of her for it—took place in 2022, and her lawsuit was filed in fall 2024. (*See, e.g.*, ECF #82, p. 5.) Plaintiff offers no reason why it took her until September 2025 to decide to "include additional factual allegations" which have presumably been long known to her. "[U]ntimeliness alone is an adequate reason to refuse leave to amend." *Duncan v. Manager, Dep't of Safety, City & Cnty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005).

Plaintiff states that she "recently received an Order in a similar case against a university with similar claims" that "provided Plaintiff with the opportunity to amend the complaint by dismissing defendants, clarifying factual allegations, and revising claims,"

and that "[d]ue to the similarity between the cases, Plaintiff's counsel . . . seeks to correct similar deficiencies." (ECF #96, p. 4.)[2] No such order has been entered here, and Plaintiff offers no other reason for this untimely amendment.

## II. Plaintiff's Third Amended Complaint is futile, because it does not fix the problems identified in Defendants' pending Motions to Dismiss. (ECF Nos. 82, 83, 84, and 85).

An amended complaint should not be permitted when the amendment is futile. *Warnick*, 895 F.3d at 755. "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Lee v. Poudre Sch. Dist. R-1*, 135 F.4th 924, 932 (10th Cir. 2025). Here, Plaintiff's Third Amended Complaint continues to be deficient in multiple ways, including:

Amended Count I, alleging a violation of due process against individual defendants, seeks legally impermissible relief. Plaintiff's proposed Third Amended Complaint, Count I, is asserted against all Individual Defendants. (ECF #96-1, p. 32.) Yet she continues to seek "injunctive relief" on that claim. (*Id.*, p. 59 § (i.).) But the law does not permit Plaintiff to seek "prospective injunctive relief" against a Section 1983 defendant sued in their individual capacity, because only the government can remedy government action. (*See* ECF #92, pp. 2-4; ECF #93, pp. 2-4; ECF #94, pp. 2-3.)

Amended Counts I, II, and III are time-barred. (ECF #96-1, pp. 32, 42, and 50). Plaintiff's claims arise from the common "injury" of the University's investigation, determination, and sanction, which occurred in the summer of 2022. (*See* ECF # 91-1, ¶¶ 93, 107, 127.) Plaintiff filed her initial complaint on September 19, 2024. (ECF #2;

---

[2] Based on this statement by Plaintiff and on her inclusion of "CSU" in the Prayer for Relief (ECF #96-1, pp. 59-60), Defendants have reason to believe that Plaintiff is referring to a July 24, 2025, order in case No. 24-cv-02076-GPG-KAS, *John Doe v. Colorado State University et al.*, on which Plaintiff's counsel is also counsel of record.

ECF #3.) Because her claims accrued more than two years prior - before September 19, 2022 - they are untimely and are barred. *Varnell v. Dora Consol. Sch. Dist.*, 756 F.3d 1208, 1213 (10th Cir. 2014) (statute of limitations for § 1983 actions is two years from time cause of action accrued); *Nicholas v. Boyd*, 317 F. App'x 773, 778 (10th Cir. 2009) (claims began occurring when Plaintiff knew or should have known that her rights were violated). The proposed amendment does not fix this timeliness problem.

The Individual Defendants remain entitled to qualified immunity. Plaintiff's proposed amendment does not identify the clearly established law that any of the individuals violated her constitutional rights, of which every reasonable official would have known. *See Hunt v. Bd. of Regents of Univ. of New Mexico*, 792 F. App'x 595, 601–02 (10th Cir. 2019).

Plaintiff's amended Counts IV and V, alleging Breach of Contract or Estoppel and Reliance against the University, are barred by sovereign immunity. (ECF #96-1, pp. 54 and 57, ¶¶ 256-283). *See, e.g.*, *Doe v. Univ. of Colorado, Boulder through Bd. of Regents of Univ. of Colorado*, 255 F. Supp. 3d 1064, 1086 (D. Colo. 2017) (dismissing student's claims for breach of contract and estoppel and reliance against University pursuant to the Eleventh Amendment).

Plaintiff's Count VI, alleging a violation of the Colorado Constitution (ECF #96-1, p. 58), fails to state a claim. Plaintiff asserts that the University violated the Colorado Constitution by denying her due process and "the guarantee of equality of the sexes." (ECF # 96-1, ¶¶ 284-295.) But there is "no implied cause of action arising directly from the Colorado Constitution." *Castaldo v. Stone*, 192 F. Supp. 2d 1124, 1161 (D. Colo. 2001).

### III. Permitting Plaintiff to file a Third Amended Complaint will unduly prejudice the Defendants.

Defendants have spent time and resources responding to the Second Amended Complaint, including filing and fully briefing four motions to dismiss and obtaining a stay of discovery. Should the Court permit Plaintiff's Third Amended Complaint, the Defendants would be required to expend additional resources to re-brief their opposition, since, as discussed above, the proposed amendment is still deficient.

## CONCLUSION

Defendants respectfully request that the Court deny Plaintiff's motion for leave to amend her complaint a third time.

**DATED:** October 16, 2025.

Respectfully submitted:

*s/ Megan H. Clark*

Megan H. Clark
Senior Assistant University Counsel
Special Assistant Attorney General
University of Colorado
Office of University Counsel
1800 Grant Street, Suite 700
Denver, CO 80203
303-860-5691
Megan.Clark@cu.edu
*Attorney for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 16, 2025, I electronically filed the foregoing with the Court's electronic filing system (CM/ECF) which will automatically cause notification to be sent to the following counsel of record:

Jason William Savela
The Savela Law Firm PC
3825 Iris Avenue, Suite 100
Boulder, CO 80301
720-821-1001
jason@savelaw.net

*Attorney for Plaintiff*

*s/Pamela K. Morrison*
Pamela K. Morrison, Litigation Paralegal