**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

CIVIL ACTION NO.: 1:24-cv-2576-GPG-TPO

LOULILLIAN WATSON,

Plaintiff,

v.

UNIVERSITY OF COLORADO BOULDER; THE BOARD OF REGENTS FOR UNIVERSITY OF COLORADO, BOULDER;
JUSTIN SCHWARTZ, individually and as agent for University of Colorado, Boulder;
KATE BAUER, individually and as agent for University of Colorado, Boulder;
LANCE CARL, individually and as agent for University of Colorado, Boulder;
EMILY PFLEGHAAR, individually and as agent for University of Colorado, Boulder;
ANN GUSHURST, individually and as agent for University of Colorado, Boulder;
VALERIE SIMONS, individually and as agent for University of Colorado, Boulder;
LLEN POMEROY, individually and as agent for University of Colorado, Boulder;
REGINA TIRELLA, individually and as agent for University of Colorado, Boulder;
DANIEL EASTON, individually and as agent for University of Colorado, Boulder;
HOLLY NELSON, individually and as agent for University of Colorado, Boulder;
LISA POTOKA JONES, individually and as agent for University of Colorado, Boulder;
WILL DEWESE, individually and as agent for University of Colorado, Boulder; and
LAURA EMMOT, individually and as agent for University of Colorado, Boulder,

Defendants.

---

**PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT [ECF 96]**

---

In Defendants' Response in Opposition to Plaintiff's Motion for Leave to File a Third Amended Complaint [ECF 98] ("Response"), Defendants assert that, in conferral, "Defendants did not oppose dismissing Defendants or dropping claims." Response at 1, n.1. Plaintiff's proposed Third Amended Complaint and Jury Demand did just that – dropped eight Defendants and dropped redundant claims.[1] Thus, in opposing amendment, Defendants seemingly oppose only Plaintiff's efforts to supplement and

[1] *See* Exhibit A (clean version) and Exhibit B (redlined version) to Plaintiff's Motion for Leave to File a Third Amended Complaint [ECF 96]. ECF 96.1, 96.2.

clarify legal and factual allegations as to the remaining Defendants. The Court should grant Plaintiff's Motion for Leave to File Third Amended Complaint [ECF 96] because it is not futile and not unduly prejudicial to Defendants. Instead, it is a good faith effort to address the deficiencies Defendants raised in their ***four*** Motions to Dismiss [ECF 82-85] and will not unfairly affect Defendants in terms of preparing their defense. Indeed, by seeking leave to file a Third Amended Complaint, Plaintiff's intent was to take the initiative and revise her Second Amended Complaint[2] to omit potential distractions from the Court's consideration due to its inclusion of inappropriate Defendants, its inclusion of untenable causes of action, and general disorganization.

## ARGUMENT

Defendants assert that Plaintiff's proposed Third Amended Complaint is untimely because Plaintiff's claims accrued on or around October 19, 2022, and Plaintiff filed her timely initial Complaint on September 19, 2024 [ECF 2]. Response at 2. Defendants ask why it took until September 2025 to include additional factual allegations. *Id*.

As an initial matter, Defendants are correct – Plaintiff's counsel received an Order in another case, *Doe v. Colorado State University*, No. 24-cv-02076-GPC-KAS, ECF 45, that compelled Plaintiff to consider whether similar changes may be warranted in this case. After deciding that changes may be warranted, Plaintiff took the initiative to amend her complaint in a good faith effort to address potential issues so this action will receive the serious deliberation it deserves. As noted above, Plaintiff's proposed Third Amended Complaint streamlines the case by omitting eight Defendants, dropping redundant claims, and generally clarifying factual allegations as they apply to the remaining Defendants*. See Llucau v. W. Range Ass'n*, 930 F.3d 1161, 1189 (10th Cir.

[2] Plaintiff filed a Second Amended Complaint pursuant to the Court's Order dated April 3, 2025 (ECF 80). Other than changing the pseudonym "Jane Roe" to Plaintiff's real name, Loulillian Watson, Plaintiff's Second Amended Complaint is an exact replica of her First Amended Complaint.

2019) (finding that "lateness does not itself justify the denial of the amendment," the undue delay analysis should focus on the reason for delay).

Defendants next assert that Plaintiff's proposed Third Amended Complaint is futile because it does not address the problems identified in Defendants' four pending Motions to Dismiss [ECF 82-85]. Response at 3. Plaintiff respectfully disagrees. First, contrary to Defendants' assertions, Count I in Plaintiff's proposed Third Amended Complaint alleges that Plaintiff was deprived of a meaningful opportunity to be heard by the Individual Defendants (i.e., the remaining Individual Defendants – Defendants Bauer, Pomeroy, Gushurst, and Tirella), and seeks punitive damages due to their unlawful actions.[3] In addition, Plaintiff seeks prospective injunctive relief against Defendant Schwartz in his official capacity.[4] As Defendants are aware, Defendant Schwartz is in the position to give Plaintiff the relief she seeks, including, but not limited to, reversing the outcome of the findings, expunging Plaintiff's disciplinary record, and removing any record of the findings and expulsion from her records. ECF 96.1, ¶ 10.

Second, contrary to Defendants' assertions, Counts I, II, and III in Plaintiff's proposed Third Amended Complaint are not time barred. Response at 3. Plaintiff's claims accrued on or around October 19, 2022, the date Plaintiff received the final, non-appealable decision, and Plaintiff filed her timely initial Complaint on September 19, 2024 [ECF 2]. Response at 2. Incorporating the State of Colorado's statute of limitations, C.R.S. § 13-80-102, the two-year statute of limitations for this matter had not expired on the date the initial Complaint [ECF 2] was filed.[5]

---

[3] *See* Ex. A to Plaintiff's Motion for Leave to File a Third Amended Complaint, ECF 96.1, ¶ 194 ("As fully detailed above, the unlawful actions taken by [the Individual Defendants], acting in their individual capacities, were motivated by a malicious motive or intent or, at the very least, reckless or callous indifference to Plaintiff's right to due process warranting an award of punitive damages to Plaintiff.").

[4] *See id.*, ¶ 195 ("In addition, as part of this action, Plaintiff seeks prospective injunctive relief against Defendant Schwartz in his official capacity.").

[5] *See id.*, ¶ 20.

Third, contrary to Defendants' unsupported argument, the Individual Defendants are not entitled to qualified immunity. Response at 4. In the § 1983 context, "[q]ualified immunity shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011). As alleged in Plaintiff's proposed Third Amended Complaint, Roe received a fundamentally unfair and biased disciplinary process devoid of a meaningful opportunity to be heard.[6] Defendants disregarded clearly established due process rights of students in disciplinary proceedings by depriving Plaintiff of the requisite due process and by depriving Plaintiff of her property interest in public education and liberty interest in her good name and reputation.[7]

Fourth, contrary to Defendants' assertions, Counts IV and V for breach of contract and estoppel and reliance are not barred by sovereign immunity. The University's OIEC Resolution Procedures promise, among other things, a "fair, impartial and equitable resolution" of complaints.[8] Therefore it is undisputed that the Univesity's OIEC Resolution Procedures constitute a contract between CU Boulder and its students, and the investigation provisions contained therein, when considered together as a whole, are sufficiently definite and certain to be enforceable under contract law. *See Univ. of Denver v. Doe*, 547 P.3d 1129, 1139 (Colo. 2024). In this case, the University did not follow its own stated policies and procedures. Therefore, the University cannot use the defense of sovereign immunity because it failed to act in accordance with its contractual promises.

Fifth, Defendants assert that Plaintiff's alternative claim for violation of the Colorado Constitution, Count VI, fails to state a claim because there is no implied cause

---

[6] *See id.*, ¶¶ 168-188.
[7] *See id.*, ¶ 191.
[8] *See id.*, ¶¶ 265-266.

of action arising directly from the Colorado Constitution. Response at 4. As expressly stated in her proposed Third Amended Complaint, Plaintiff pleads this direct cause of action in the alternative to Plaintiff's state law claims should those causes of action be barred in whole or part or otherwise fail to provide a complete and adequate state law remedy for the wrongs committed by the Defendants and their agents and employees.[9]

Finally, Defendants will not be unduly prejudiced if the Court permits Plaintiff to file the proposed Third Amended Complaint. As discussed above, Plaintiff proposes dismissing eight Defendants and asserts no new claims. Importantly, as also noted above, Plaintiff's Second Amended Complaint merely replaced her pseudonym, Jane Roe, with her real name, Loulillian Watson, after the Court denied her pseudonym motion. The re-filed Motions to Dismiss, Responses, and Replies did the same.

## CONCLUSION

Plaintiff's proposed Third Amended Complaint is neither futile nor unduly prejudicial to Defendants. Indeed, eight Defendants will be dismissed, causes of actions will be eliminated, and overall, the amended complaint presents a clearer and better organized pleading, omitting potential distractions and revising specific facts as they relate to the remaining Defendants. Therefore, Plaintiff respectfully requests that the Court grant Plaintiff's Motion for Leave to File Third Amended Complaint [ECF 96].

Respectfully submitted the 27th day of October 2025 by

*s/ Jason Savela*
Jason Savela, Esq.
The Savela Law Firm, P.C.
3825 Iris Ave., Suite 100
Boulder, CO 80301
720-260-7392
jason@savelaw.net

[9] *See id.*, ¶ 295.

## CERTIFICATE OF SERVICE

I hereby certify the on this 27th day of October 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will automatically cause notification to be sent to the following counsel of record:

Megan H. Clark
1800 Grant Street, Suite 700
Denver, CO 80203
303-860-5691
Megan.Clark@cu.edu

*Attorney for Defendants*

s/ *Jason Savela*